United States Court of Appeals
For the Ninth Circuit

No. 20-55633

DR. JEFFREY ISAACS,

Plaintiff – Appellant,

v.

USC KECK SCHOOL OF MEDICINE

Defendant – Appellee,

and

GEISEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON, DUNN & CRUTCHER, LLP, and JOHN or JANE DOE,

Defendants.

Appeal from the United States District Court for the
Central District of California, No. 19-cv-08000

**PLAINTIFF-APPELLANT'S MOTION TO STRIKE
PORTIONS OF DEFENDANT-APPELLEE'S ANSWERING BRIEF**

Mark L. Josephs, Esq.
Bar No. 568454
Law Office of Mark L. Josephs, LLC
100 Cambridge Street, 14th Floor
Boston, MA  02114
(857) 226-8251
mark.josephs@markljosephslaw.com

**PLAINTIFF-APELLANT'S MOTION TO STRIKE**
**PORTIONS OF DEFENDANT-APPELLEE'S ANSWERING BRIEF**

Plaintiff-Appellant, Dr. Jeffrey Isaacs, respectfully submits this Motion to Strike particular areas of Defendant-Appellee's Answering Brief ("Brief"). This appeal addresses the District Court's award of a large amount of attorney's fees to the internationally renowned law firm of Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") and against Dr. Jeffrey Isaacs. The awarded attorney's fees related to an underlying matter brought by Dr. Isaacs against Defendant-Appellee Keck School of Medicine ("Keck") and Gibson Dunn in which Dr. Isaacs brought tort claims and a civil RICO claim relating to Keck's actions that were inconsistent with settlement agreements to which Dr. Isaacs and Keck had agreed. The District Court had granted the Defendants' motions to dismiss in that matter, and Dr. Isaacs's separate appeal of the resulting judgment is pending in this Court.

The District Court issued its award of attorney's fees on May 15, 2020,[1] and Dr. Isaacs filed a Notice of Appeal on June 14, 2020. Dr. Isaacs filed his Opening Brief on September 23, 2020, and Keck filed its Answering Brief on November 20, 2020. This Motion addresses Keck's Answering Brief.

---

[1] Pursuant to FRAP Rule 27(a)(2)(B)(iii), the District Court's attorney's fees award is attached as Exhibit A.

2

Keck's Answering Brief contains three passages that the Court should strike from this Brief. The passages appear at: page 2 (Introduction), lines 2 through 3; page 4 (Statement of the Case), lines 8 through 10; and page 4, line 13. Each of these passages contains language that is inaccurate, defamatory, scandalous, and, significantly, irrelevant to this appeal.

Part of the attorney's fees awarded by the lower court related to a 2018 civil lawsuit that Dr. Isaacs voluntarily dismissed pursuant to Rule of Civil Procedure 41. He subsequently filed a Complaint containing new claims involving a purported ban from the University of Southern California campus and Keck's disclosure of certain information in Dr. Isaacs's American Association of Medical Colleges ("AAMC") profile that violated a settlement agreement binding the parties since 2007. The lower court made fees incurred relating to the dismissed matter part of the attorney's fees award despite attorney's fees relating to a voluntarily dismissed case being unavailable under California law.

In his Complaint in the underlying matter, Dr. Isaacs explained certain circumstances that occurred during his attendance at Keck and his efforts to remedy any harm he might have caused. As explained in the Complaint, in the very part purportedly relied upon in Keck's Brief here, Keck dismissed Dr. Isaacs from its school because it found that Dr. Isaacs had failed "to maintain Essential Characteristics and Abilities" of a Keck student. Excerpts of Record ("ER") at

3

067. This was the only reason that Keck gave for dismissing Dr. Isaacs from its program. *See also* Letter from Kaplan Marino to Clive Taylor, MD, Attached as Exhibit B.

Yet, for no apparent reason other than to further smear Dr. Isaacs's reputation, Keck stated twice in its Brief that Dr. Isaacs was "expelled for harassing a classmate, making threats against the university, and violating a 'stay-away' order." Brief at 2, 4. That is factually *false*, and Keck's citations to the lower court Complaint and a different case do not contain the language Keck used or anything similar to it. ER at 063, 066-067; *see also Isaacs v. Dartmouth-Hitchcock Med. Center*, 2014 U.S. Dist. LEXIS 54183 (D.N.H. April 18, 2014). The allegations appearing on the Complaint pages and paragraphs that Keck cited describe not only the accurate reason for Dr. Isaacs's dismissal but also Dr. Isaacs's efforts to remedy the situation and the unfairness to which he was subjected by Keck. ER at 067, ¶¶ 28-30. Keck's Brief's citations purportedly supporting the inflammatory language fail completely to support it.

Nor was anyone at Keck the "victim" of Dr. Isaacs, as stated in the Brief. Brief at 4. Use of such a description connotes criminal or quasi-criminal conduct. Dr. Isaacs committed no crime nor was he charged with one. Further, the Complaint allegations described Dr. Isaacs's efforts to positively address the

4

situation, including an apology to his fellow student and the classmate's conclusion that Dr. Isaacs was not a "[bad] person." *Id.*

Considering the irrelevancy of its language to the issues on appeal, Keck's purpose in including it was entirely improper and inappropriate. Keck desired only to further defame and damage the reputation of Dr. Isaacs, incredibly, beyond the damage that Keck already inflicted with its conduct. Whether the use of the language was retaliatory or an effort to intimidate Dr. Isaacs, there is no justification for the quoted language to appear in Keck's Brief. That the Brief includes citations to documents and a case that provide no support for the Brief's statements renders Keck's inclusion of the language even worse.

Notably, the underlying Complaint in the lower court stated that the New Hampshire Board of Medicine used inaccurate court pleadings as evidence to support the revocation of Dr Isaacs's medical license. By doing so, they circumvented the sealed disciplinary record, an issue for which Dr. Isaacs sought declaratory judgment to answer, once and for all, in the underlying Complaint. False and misleading pleadings and briefs have brought Dr Isaacs considerable harm already. The language sought to be stricken would only add to this damage should it be allowed to remain in the record.

For these reasons, Dr. Isaacs requests that the Court strike the quoted passages on pages 2 and 4 of Defendant-Appellee's Answering Brief in order to protect Dr. Isaacs from further reputational harm.

Respectfully submitted,

Dated: December 11, 2020     /s/ *Mark L. Josephs*
Mark L. Josephs
Law Office of Mark L. Josephs LLC
100 Cambridge Street, 14th Floor
Boston, MA  02114
(857) 226-8251
mark.josephs@markljosephslaw.com

**<u>Certificate of Service</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on December 11, 2020.

<u>/s/ Mark L. Josephs</u>
Mark L. Josephs
