**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br>    Plaintiff,<br><br>    v.<br><br>USC KECK SCHOOL OF<br>MEDICINE, et al.,<br>    Defendants. | CV 19-8000 DSF (RAOx)<br><br>Order GRANTING Motion for Attorney's Fees and Costs (Dkt. No. 99) |

    Defendant USC Keck School of Medicine (USC) has moved for attorney's fees and costs incurred in this action and a previous related action. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

    USC's request for fees and costs incurred in this action is based on (1) the 2008 settlement agreement between the parties and (2) its successful motion to strike under California Code of Civil Procedure § 425.16. Its request for fees and costs incurred in the previous case is based on Federal Rule of Civil Procedure 41(d).

    USC is entitled to reasonable fees incurred in filing the anti-SLAPP motion under § 425.16. USC represents that those fees are $5,092.64 for 6.2 hours of work. The number of hours billed and the total fees for the motion are eminently reasonable.

    The Court will also award fees and costs pursuant to the 2008 settlement agreement. The fees provision in that contract is not a typical fees provision that applies to enforcement of the contract itself. The provision at issue instead reflects an agreement by Plaintiff to pay

fees and costs associated with cases he might bring in the future "based on any events, acts or omission through and including the date [of the contract]." Dkt. 1-2 at 35 of 53. This provides fee shifting for Plaintiff's attempts to litigate (or re-litigate) matters that happened before the settlement agreement but does not provide fee shifting for disputes over interpretation or enforcement of the 2008 settlement agreement itself.

While some of the claims and issues raised by this case involve USC's alleged failure to comply with the settlement agreement, a large proportion of the case involves matters that occurred before the 2008 settlement. Most obviously, the "constructive fraud" and "fraud" claims, which allege that USC never intended to comply with the settlement agreement and thereby fraudulently induced Plaintiff to enter into that agreement through its false promises, are entirely based on actions prior to the consummation of the settlement. And while the other claims technically are based on actions subsequent to the 2008 settlement, references to and claims about acts prior to the 2008 settlement are pervasive throughout the complaint. See, e.g., Compl. ¶¶ 9, 22, 56, 61, 62, 184, 249, 254, 256, 276, 277, 314, 326.

Rule 41(d) states that a court "may order the plaintiff to pay all or part of the costs of [a] previous action" "based on or including the same claim against the same defendant." The Court finds that Rule 41(d) "costs" can include attorney's fees under appropriate circumstances, including the circumstances of this case. For the same reasons discussed above, USC would have been entitled to fees in the prior case except that it was unable to prevail in that case due to Plaintiff's voluntary dismissal. But that dismissal was illusory. This case is a direct continuation of the prior case. Plaintiff could have – and should have – simply filed an amended complaint in the prior case rather than filing a new case. In this context, it is reasonable to treat the later case as a continuation of the earlier one, and Rule 41(d) allows costs, including attorney's fees, to be awarded for the earlier case given that fees and costs are available under the 2008 settlement agreement.

The requested amount of fees and costs is reasonable.[1] USC's counsel's hourly rate is on the higher side, but within the range charged in the local market for attorneys of comparable quality and size. Plaintiff provides no evidence or argument to support a different rate. The hours billed – 226.2 total hours for both cases – are quite reasonable given the need to oppose a motion for a preliminary injunction and to file three motions to dismiss involving a lengthy complaint with numerous claims. As counsel notes, Plaintiff had sufficient time to challenge specific entries, but did not do so. The Court has reviewed the billing and finds that it is sufficiently detailed to allow the Court to evaluate the reasonableness of the work performed. There was no "block billing," and counsel billed in tenths of an hour, in accord with the Court's requirements. The matter was very efficiently staffed, with the work being performed primarily by a single associate.

The motion for fees and costs is GRANTED. Plaintiff is ordered to pay $182,925.97 in fees and $1,009.32 in costs to Defendant University of Southern California, Keck School of Medicine.

IT IS SO ORDERED.

Date: May 15, 2020

Dale S. Fischer
United States District Judge

---

[1] James P. Fogelman, the Gibson, Dunn & Crutcher LLP partner in charge of the litigation, declared that no fees were sought for defending the firm itself.