**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY ISAACS, Dr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> USC KECK SCHOOL OF MEDICINE, <br><br> Defendant-Appellee, <br><br> and <br><br> DARTMOUTH HITCHCOCK MEDICAL CENTER; et al., <br><br> Defendants. | No. 20-55633 <br><br> D.C. No. 2:19-cv-08000-DSF-RAO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted April 14, 2021
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,[**] District Judge.
Dissent by Judge IKUTA

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

Appellant Jeffrey Isaacs challenges the district court's award of attorneys' fees and costs to Appellant University of Southern California Keck School of Medicine (USC). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. The district court's application of state law to the facts is reviewed de novo. *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992). Where the district court applies the correct legal standard, we review a district court's award of attorneys' fees for abuse of discretion. *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 939 (9th Cir. 1999). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court based its award of attorneys' fees on the 2008 settlement agreement between Issacs and USC. That contract provides that Isaacs "will not file any lawsuits, charges, claims for arbitration, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof." The agreement further provides that if Isaacs violates the above provision and files a complaint against USC "based on any events, acts or omissions through and including the date hereof, Isaacs will pay for all costs and losses, including attorneys' fees, incurred by USC in connection with said lawsuit, charge, complaint, or appeal." As the district court correctly noted, both the instant action and Isaacs's prior, voluntarily dismissed action refer

2

and incorporate acts that occurred before 2008.¹ Accordingly, USC is entitled to attorneys' fees and the district court did not err in granting USC's motion.

**AFFIRMED.**

---

¹ Our dissenting colleague raises an argument not raised by either party or considered by the district court below. Whether Isaacs is precluded from enforcing either settlement agreement to which he is a party is not relevant to the question before this court, which is whether, pursuant to the 2008 settlement agreement, USC is entitled to the attorneys' fees it incurred in litigating against Isaacs's wide variety of claims, some of which relate to and refer to pre-2008 events.

FILED

APR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Isaacs v. USC Keck School of Medicine*, No. 20-55633
IKUTA, Circuit Judge, dissenting:

The majority today affirms the district court's award of attorneys' fees on the ground that the 2008 settlement agreement entitles USC to legal fees for any lawsuit that "refer[s] and incorporate[s] acts that occurred before 2008." I disagree with both the interpretation and the result.

I

Jeffrey Isaacs enrolled in USC but was expelled during his first year for nonacademic reasons. After Isaacs brought legal action against USC and other defendants relating to the expulsion, Isaacs and the defendants entered into two settlement agreements. In the first settlement agreement in 2007, USC agreed not to "release or disclose Isaacs' disciplinary records to any third party." In the second settlement agreement in 2008, Isaacs agreed "that he will not file any lawsuits, charges, claims for arbitration, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof." If he violated this promise and filed a lawsuit against USC "based on any events, acts or omissions through and including the date hereof, Isaacs will pay for all costs and losses, including actual attorneys' fees, incurred by USC in connection with said lawsuit, charge, complaint, or appeal."

In September 2019, Isaacs brought a legal action against USC alleging, among other things, that USC had breached its agreement in the 2007 settlement agreement not to disclose his disciplinary records.  After the district court dismissed the complaint with prejudice, it granted USC's motion for all attorneys' fees and costs it had incurred in connection with Isaac's operative complaint (as well as for fees and costs incurred in connection with a prior complaint that Isaacs had voluntarily withdrawn).  This attorneys' fees award is the subject of this appeal.

## II

The majority today affirms the district court on the ground that the language in the 2008 settlement agreement entitles USC to legal fees for any lawsuit brought by Isaacs that "refer[s] to, or incorporat[es]" or is "based on any events, acts or omissions through and including the date [of the agreement]."  Apparently, the majority interprets this language as precluding Isaacs from bringing a lawsuit to enforce either the 2007 or 2008 settlement agreement, because such a lawsuit would necessarily refer to an act that occurred before (or on the date of) the 2008 settlement agreement—namely, the execution of the settlement agreements themselves.  Such an interpretation is unreasonable.  The parties clearly did not intend that by entering into the 2008 settlement agreement, Isaacs would be precluded from enforcing it.

As indicated above, USC is only entitled to attorneys' fees in response to lawsuits prohibited by the settlement agreement. Contrary to the majority, Majority at 3 n.1, Isaacs' central argument is that the attorneys' fees provision does not apply to his complaint in this case, because it focuses on USC's breach of the settlement agreements, which he claims is not a prohibited lawsuit. The majority's ruling that USC is entitled to attorneys' fees here is necessarily based on its conclusion that the 2008 settlement agreement prohibits a lawsuit for breach of the settlement agreements. This conclusion makes the settlement agreements unenforceable.

Accordingly, to the extent Isaacs' September 2019 complaint brought claims for breach of the settlement agreements, USC was not entitled to attorneys' fees. USC would be entitled to attorneys' fees, however, to the extent the complaint alleges non-breach-of-contract claims based on actions or events associated with USC's expulsion of Isaacs. Therefore, the district court should have apportioned the fees between covered and uncovered claims. *See Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 129 (1979) (the prevailing party may recover attorneys' fees only as they relate to some causes of action but not others); *Cassim v. Allstate Ins. Co.*, 33 Cal. 4th 780, 811 (2004) (the court must apportion the attorney fees in a mixed contract/tort case). Because I would remand this case to the district court for apportionment of fees, I respectfully dissent.