United States Court of Appeals
For the Ninth Circuit

———————————

No. 20-55633

DR. JEFFREY ISAACS,

Plaintiff – Appellant,

v.

USC KECK SCHOOL OF MEDICINE

Defendant – Appellee,

and

GEISEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH
HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE,
GIBSON, DUNN & CRUTCHER, LLP, and JOHN or JANE DOE,

Defendants.

———————————

Appeal from the United States District Court for the
Central District of California, No. 19-cv-08000

**PLAINTIFF-APPELLANT'S**
**MOTION TO CLARIFY JUDICIAL ESTOPPEL ELEMENTS AND**
**APPLICATION FOR OPINION PUBLICATION**

Keith Mathews, Esq.
NH Bar No. 20997
PO Box 278
Manchester, NH 03105
(603) 622-8100
keith@aaone.law

**PLAINTIFF-APPELLANT'S
MOTION TO CLARIFY JUDICIAL ESTOPPEL ELEMENTS AND
APPLICATION FOR OPINION PUBLICATION**

In anticipation of filing a *writ of certiorari* petition, Plaintiff-Appellant respectfully requests clarification of the majority decision, resubmission for *en banc* vote after such clarification, if permitted, and publication of the finalized opinion.

## Rule 35 Statement Regarding *En Banc* Review

*En banc* review is necessary because the Ninth Circuit has not formulated a precise formula for invoking judicial estoppel, whereas the majority of other appellate circuits have. This case, with inconsistent positioning spanning thirteen years, presents nearly perfect circumstances for application and rendering of Ninth Circuit precedent on this important manner.

The doctrine of judicial estoppel was developed in *Hamilton v. Zimmerman,* 37 Tenn. 39 (Tenn. 1857) by the Tennessee Supreme Court, which intended to "uphold the proper reverence for the sanctity of the oath." In short, the doctrine states that a party can't "have it both ways:" a party is estopped from taking a position that is contrary to a position it has taken in earlier legal proceedings. An entire Loyola of Los Angeles Law Review article made the case, in 1996, that the Ninth Circuit should issue more comprehensive guidance regarding this theorem.

*The Judiciary Says, You Can't Have it Both Ways: Judicial Estoppel—a Doctrine Preventing Inconsistent Positions* (1996), page 324. That article is incorporated by reference, but notably, its Appendix shows that nearly every other circuit in America has clearly defined elements of judicial estoppel, but for the Ninth Circuit. As best as counsel is aware, the Ninth Circuit has since only narrowly addressed a bankruptcy judicial estoppel case, and the loophole remains.

Here, Plaintiff would have been able to meet the elemental requirements of nearly every other circuit, had guidance existed in this Ninth Circuit. The typical requirements are as follows:

1) The party's position is clearly inconsistent with a prior position, from which a party gained a benefit in a different proceeding

2) Acceptance of the inconsistent position would yield a perception of bias or a misled court,

3) An unfair advantage flows to the party if not estopped, and

4) The inconsistency was not a mistake or inadvertence.

In 2008, Dr. Isaacs, then medical student Isaacs, was concerned that a 2008 settlement agreement with USC would supercede and cancel a 2007 agreement, which cleared his name and allowed him to proceed with his medical career. At the time, USC argued without ambiguity that the 2008 agreement covered "different

subject matter" and the 2007 agreement remained enforceable. Unfortunately, Isaacs' fear in 2008 was warranted: last month, USC represented to this Honorable Court that the intent of the 2008 settlement was in fact to cancel the 2007 agreement. All the elements to invoke judicial estoppel were plead in this present litigation. First, USC benefitted from the prior position: Isaacs had sought to void the 2008 settlement agreement and proceed with litigation, but USC closed out the case by assuring the 2007 settlement agreement remained in force. Second, there can be no reasonable belief this inconsistent positioning was a mistake. USC operates a highly ranked law school, and it is represented by a law firm with enviable positioning and near limitless legal resources. There is simply no argument that this inconsistent positioning was "accidental." It cost Dr. Isaacs his career, and $200,000 in unconscionable "attorneys fees" to Gibson Dunn, which certainly meets the perception of bias and unfair flow thresholds of the remaining two elements.

In any other circuit, Dr. Isaacs could have invoked judicial estoppel, and would today be practicing medicine and free of a $200,000 burden to Gibson Dunn.

This Court, more precisely the majority of a 1-2 split, stated the inconsistent irreverence to the oath was "irrelevant," but the dissenting opinion, without

directly referencing the judicial estoppel doctrine, argued that the discrepancy "was not reasonable."

The essence and intent of a judicial estoppel invocation were indeed plead. Attorney Josephs stated in the hearing that, although he didn't have the reference in front of him (which was thirteen years old), he understood inconsistent positioning to be a concern. A petition for rehearing specifically pointed out USC had "lied" – five times – to the Court. The dissenting opinion stated the inconsistency was "not reasonable." For these reasons, it is respectfully requested that the Court formally reference the judicial estoppel doctrine via a ruling clarification, so that publication of this opinion finally creates precedent on judicial estoppel in this circuit. Dr Isaacs spent thirteen years hoping that NIH and academic medical deans were not above the law. This saga apparently failed, at the end because the Ninth Circuit felt the sanctity of the oath did not apply to such highly ranked doctors and lawyers. At the very least, closing this loophole may prevent such irreverence from sacrificing another student's potential down the road.

The parties – and the public – have a right to know if the Ninth Circuit differs from every other circuit in the country. Without precedent establishing the elements, district courts in this circuit effectively face a loophole where pleadings

(and parties) are exempt from judicial estoppel, that is, they are exempt from being held to the sanctity of their oath in prior proceedings.

In anticipation of a petition for *writ of certiorari* to the United States Supreme Court covering this matter, clarification by the majority is hereby requested as to whether or not violation the sanctity of oath may be estopped in the Ninth Circuit, and if so, what elements must be plead.

This Court may take judicial notice of the fact that this counsel is litigating a developer class action against Apple, also represented by Gibson Dunn, and also facing concerns of inconsistent pleadings regarding forum selection and marketplace competition definitions filed by third law firm. There is heightened concern that USC and Gibson Dunn, with their law school and other vast resources, is aware of the Ninth Circuit judicial estoppel loophole, the only place in the nation where it exists. It may, or may not, be mere coincidence this counsel has now run into stark inconsistent pleading ramifications twice in the Ninth Circuit, with a law firm – and law school — that would seem to know better.

Repairing this loophole is of utmost importance to Dr. Isaacs' lifelong dream to practice medicine, and potentially, of upcoming importance in an interlocutory Sherman Act appeal involving millions of developers, with damages exceeding $200 billion. Because this information was not entirely available at the time of Plaintiff-Appellant's Petition for Rehearing, and a change in counsel occurred, we

hereby request clarification and referral for an *en banc* vote, if permitted under Rule 35, and to streamline a SCOTUS appeal and a pending, separate interlocutory appeal which will determine the venue for millions of Apple developers.

The Clerk is requested to publish the opinion in this case after adjudication of this motion. For the reasons stated herein, publication of this decision allows the public to better understand Ninth Circuit precedent for judicial estoppel, because this case, with inconsistent positions spanning thirteen years by a leading school of law nonetheless, is a pure example of where it should apply.

Such action is respectfully requested,

Dated:  June 7, 2021                    /s/ Keith Mathews
                                        Keith Mathews, Esq.
                                        NH Bar No. 20997
                                        Associated Attorneys of New England
                                        PO Box 278
                                        Manchester, NH 03105
                                        (603) 622-8100
                                        keith@aaone.law

**<u>Certificate of Service</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on May 6, 2021.

/s/ Keith Mathews
Keith Mathews